UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

            Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
*et al.*,

            Defendants.

_____/

Case No. 2:26-cv-10012

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2), SUMMARILY
DISMISSING COMPLAINT (ECF No. 1), AND DISMISSING AS MOOT
ALL SUBSEQUENT MOTIONS (ECF Nos. 4, 5, 6, and 11)**

Plaintiff Richard Allen Smith, Sr., proceeding *pro se*, sues the Department of

Justice (DOJ), Federal Bureau of Investigation (FBI), the United States Attorney

General, and the FBI Director (collectively "Defendants"), asking the Court to

compel the FBI to expedite a response to his *Touhy* request. He also applied to

proceed *in forma pauperis*. ECF No. 2.

Smith's *in forma pauperis* application supports his claim of poverty, so it will

be granted. However, as explained below, his complaint will be dismissed for failure

to state a claim, and his subsequent motions will be denied as moot.

# I. BACKGROUND

On December 7, 2025, Smith submitted a *Touhy* request asking the DOJ or another appropriate federal agency to provide "expert examination" of a "device in [his] ears" that was "identified" during proceedings in another ongoing civil case, *Smith v. Regents of the University of Michigan*, 2:25-cv-10568. ECF No. 1–2. In his submission, Smith asserted that the alleged device requires testing and expert analysis to determine its nature and function. *Id.* at PageID.6. He further attached an image accompanied by the following caption: "There is a device in my ear and has been this way since July 2021 in both ears after a surgery that Dr Waijee and Dr Wang had performed on my wrist." *Id.* at PageID.8.

Less than one month later, Smith filed this action against Defendants for failing to respond to his *Touhy* request. ECF No. 1. Smith maintains that Defendants' have failed to act on his request and contends that their delay is unreasonable. *Id.* at PageID.1. He further alleges that their inaction constitutes arbitrary and capricious conduct. *Id.* He filed motions for expedited consideration, for service of process by the U.S. Marshal, to compel agency action, and to supplement the complaint with exhibits. ECF Nos. 4, 5, 6, 11. Smith also filed a supplemental exhibit and two additional applications to proceed *in forma pauperis*. ECF Nos. 12, 13, 14.

## II. LEGAL STANDARD

Because Smith proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Smith also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Smith's *pro se* status does not exempt him from meeting basic pleading requirements. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)). Courts "must accept as true any well-pleaded factual allegations in the plaintiff's complaint but . . . need not accept as true legal conclusions or unwarranted factual inferences." *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023) (internal quotation marks and citation omitted).

### III. ANALYSIS

At the core of this case is Smith's *Touhy* request allegedly submitted on December 7, 2025. Twenty-nine days later, Smith filed suit alleging that the FBI's failure to respond constitutes an unreasonable delay, as well as arbitrary and capricious conduct actionable under the Administrative Procedure Act ("APA"). The complaint, however, does not allege the legal basis for Smith's claims against the remaining Defendants. As explained below, Smith's well-pleaded factual allegations neither establish entitlement to relief nor provide Defendants with fair notice of the claims asserted and the grounds on which they rest. *Twombly*, 550 U.S. at 555.

A *Touhy* request is a common tool for obtaining documents from a non-party federal governmental agency during state-court discovery. *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012). "If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in

federal court under the APA." *Id.* (quoting *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211-12 (D.C. Cir. 1996).

The APA allows plaintiffs to challenge agencies' actions, including an agency's "failure to act." 5 U.S.C. § 551(13); *see Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441 (6th Cir. 2022); *see also* 5 U.S.C. § 701 *et seq*. "Failures to act are sometimes remediable under the APA, but not always." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61 (2004). One such remediable basis is a claim of unreasonable delay. *See* 5 U.S.C. § 706(1) ("A reviewing court shall . . . compel agency action . . . unreasonably delayed.").

"'Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstance before the court.'" *Byrd v. Haas*, 17 F.4th 692, 699 (6th Cir. 2021) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100, (D.C. Cir. 2003)). Accordingly, the courts have "discretion to decide whether agency delay is unreasonable." *Cobell v. Norton*, 240 F.3d 1081, 1096 (D.C. Cir. 2001) (internal quotation marks and citation omitted). "[C]ourts are reluctant to upset existing agency priorities, unless the delay is 'egregious.'" *Id.*

"[T]he Supreme Court has cautioned that the passage of time alone cannot establish unreasonable delay under the APA." *Ahmed v. Blinken*, No. 23-11860, 2024 WL 4172525, at *4 (E.D. Mich. Sept. 12, 2024) (citing *INS v. Miranda*, 459

U.S. 14, 19 (1982)).  Thus, to determine whether an agency action has been unreasonably delayed, courts consider the following six factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Barrios Garcia*, 25 F.4th at 451–52 (citing *Telecomms. Rsch. & Action Ctr. (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

In this case, Plaintiff's sole allegation regarding unreasonable delay is the date he submitted the Touhy request, and that the FBI has yet to respond. *See generally* ECF No. 1. And besides the FBI's failure to respond, Smith offers no explanation regarding the involvement of Defendants DOJ, U.S. Attorney General, or Director of the FBI. *Id*.

Even if the Court were to apply the *TRAC* factors, Smith has not stated a plausible claim for relief. Smith's complaint fails to allege any facts relating to

factors one and two: (1) whether the response time is governed by a rule of reason, as informed by (2) any congressional timetable. He does not allege facts to suggest whether the FBI's twenty-nine-day delay is unreasonable or whether the FBI's response time fails to comply with an existing specified schedule. In comparison, in the context of FBI name checks for immigration purposes, delays between three to four and a half years have been found reasonable. *Muminov v. Sessions*, No. 1:18CV1034, 2018 U.S. Dist. LEXIS 183479, at \*14 (N.D. Ohio Oct. 24, 2018) (collecting cases).

The third and fifth factors also favor dismissal because the nature of Smith's *Touhy* request is to supplement his discovery production in a different case. Simply put, a *Touhy* request is not an avenue to have the federal government create an expert witness' report. Moreover, the fourth factor favors dismissal because the complaint does not include sufficient factual allegations for the Court to consider the effect of expediting delayed action on agency activities of a higher or competing priority. The last factor has no role in this case because there are no factual allegations of bad faith. Thus, Smith's complaint fails to state a claim for unreasonable delay.

For the same reasons, Smith's arbitrary and capricious claim is insufficiently pled because he simply concludes, without factual elaboration, that "[a] complete failure to respond[] violates DOJ's own regulations, provides no explanation, ignores relevant factors, and prevents judicial review . . . constitut[ing] arbitrary and

capricious conduct." ECF No. 1 at PageID.2. Again, Smith does not offer any details regarding his *Touhy* request other than the date he submitted it. The complaint is silent as to which office within the DOJ or the FBI he sent the request, in which state or city that office was located, the address or what channel he used, via email or postal mail, through a web platform or a mobile application, or whether he followed up with the agency after not receiving a response. He does not explain how he followed the agency's procedure to obtain a *Touhy* response. *See* 28 C.F.R. §§ 16.24-16.29. For all this Court and any Defendant could know, Smith could have sent the *Touhy* request to the wrong address. Thus, Smith's argument for arbitrary and capricious conduct also fails to state a claim.

### IV. CONCLUSION

For these reasons, the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470–71 (quoting *Iqbal*, 556 U.S. at 678).  Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's Motions for expedited consideration, for service of process by the U.S. Marshal, to compel agency action, and to supplement the complaint with exhibits, ECF Nos. 4, 5, 6, and 11, are **DENIED AS MOOT**; and

- 9 -

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 12, 2026