UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

                    Plaintiff,                    Case No. 2:26-cv-10012

v.                                    Honorable Susan K. DeClercq
                                        United States District Judge

U.S. DEPARTMENT OF JUSTICE,
et al.,

                    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR
RECONSIDERATION (ECF No. 16) AND DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF No. 17)**

On January 5, 2026, *pro se* Plaintiff Richard Allen Smith filed suit under the

Administrative Procedure Act against Defendants United States Department of

Justice (DOJ), Federal Bureau of Investigation (FBI), Attorney General of the

United States, and Director of the FBI. ECF No. 1. Smith claimed that the FBI failed

to timely respond to his *Touhy* request and asked this Court to order Defendants to

issue a *Touhy* determination within fourteen days. *Id.* at PageID.2. Smith also filed

several applications to proceed *in forma pauperis* (IFP). ECF Nos. 2; 9; 10. On

February 12, 2026, this Court granted Smith's IFP application but dismissed his case

with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. ECF No.

15.

A week later, on February 19, 2026, Smith filed the present motion for reconsideration under E.D. Mich. LR 7.1(h)(2). ECF No. 16. In the motion, Smith argues that this Court made multiple reversible errors in dismissing the case, including ignoring key evidence, misreading the nature of the *Touhy* request, improperly applying the *TRAC* factors outlined in *Telecomms. Research & Action Ctr. v. FCC*, 242 U.S. App. D.C. 222, 750 F.2d 70 (1984), relying on incorrect facts, and wrongfully dismissing with prejudice at the screening stage. *Id.* Smith also filed a motion for leave to amend the complaint under Civil Rule 15(a)(2) to "cure any perceived deficiencies and provide additional factual details." ECF No. 17 at PageID.59.

Although Smith moves for reconsideration under Local Rule 7.1(h)(2), ECF No. 16 at PageID.55, this rule prohibits motions for reconsideration of final orders or judgments. Construing his motion liberally as brought under the proper authority—Civil Rules 59(e) or 60(b)—this Court will deny his motion for failing to show entitlement to relief under either rule.

First, Civil Rule 59(e) provides that a party may move "to alter or amend a judgment" within twenty-eight days of when the judgment is entered. FED. R. CIV. P. 59(e). "A district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*,

909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Critically, a motion under Civil Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Here, Smith asserts that this Court erroneously applied *TRAC* factors at the pleading stage thereby committing a clear error of law. ECF No. 1 at PageID.57. But applying the *TRAC* factors at the pleading stage, is not such an error, as the Sixth Circuit made clear when it applied those factors to evaluate a motion to dismiss in a case alleging a federal agency's action was unreasonably delayed. *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 451–55 (6th Cir. 2022). The same standard that governs motions to dismiss, governs dismissals for failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Other courts in this District have applied the *TRAC* factors at the pleading stage as well. *See, e.g.*, *Awbathani v. U.S. Dep't of State*, No. 24-11838, 2025 U.S. Dist. LEXIS 183665, at *9-11 (E.D. Mich. Sep. 18, 2025); *Telukunta v. Mayorkas*, No. 2:21-cv-10372, 2021 WL 2434128, at *2–3 (E.D. Mich. June 15, 2021); *Stone v. Blinken*, No. 2:23-cv-12181, 2024 WL 3556183, at *4–6 (E.D. Mich. July 26, 2024). Thus, this Court finds this argument unpersuasive.

Smith's challenge to the § 1915 dismissal with prejudice fares no better. Smith contends he could cure the deficiencies by alleging additional facts, clarifying the *Touhy* process, and providing proof of delivery and follow-up. ECF No. 16 at PageID.57. But he never explains how any of those additions would affect the *TRAC* analysis. Critically, the nature of Smith's *Touhy* request—the fifth *TRAC* factor—is dispositive and compels dismissal with prejudice. There, Smith seeks federal personnel to examine or test "a device . . . in [his] ears . . . to determine its origin, nature, and potential effects." ECF No. 1-2 at PageID.6. While a *Touhy* request is "a common tool for obtaining federal documents during state-court discovery," it is not a mechanism for having federal agencies examine and test a part of a litigant's body. *See Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012). Because no amendment could rescue a claim built on this premise, dismissal with prejudice was warranted.

In sum, having shown no clear error nor provided any newly discovered factual evidence, evidence of a change in the controlling law, or a cognizable need to prevent manifest injustice, Smith is not entitled to relief under Civil Rule 59(e). *See Brumley*, 909 F.3d at 841.

Second, under Civil Rule 60(b) courts may provide relief from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A Rule 60(b) motion is addressed to the sound discretion of the Court." *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *see also* 11 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 2857 (3d ed. 2025). "The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Smith contends that the dismissal order contains "palpable defects," but as discussed in the preceding section, he does not demonstrate mistake, inadvertence, surprise, or excusable neglect—he simply disagrees with the Court's conclusions. *Good v. BioLife Plasma Servs., L.P.*, 647 F. Supp. 3d 555, 559–60 (E.D. Mich. 2022) (stating that for motions for reconsideration, there must be "some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself"). Given that he also makes no argument as to the remaining five grounds under Civil Rule 60(b), Smith has not established

by clear and convincing evidence that he is entitled to relief, and his motion will be denied.

Lastly, Smith's motion for leave to amend his complaint will also be denied because a party seeking to amend the complaint post-judgment must first have the judgment vacated or set aside pursuant to Civil Rules 59(e) or 60(b). *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (holding that "satisfaction of Rule 60(b)(6) necessarily precedes any application of Rule 15(a)); *see also Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."). To hold otherwise would allow plaintiffs to "use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)); *see also id.* ("That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept[,] and risk turning Rules 59 and 60 into nullities."). Therefore, Smith's motion for leave to amend his complaint will be denied. *See Eldridge v. Barker*, No. 25-5318, 2025 U.S. App. LEXIS 26927, at *4 (6th Cir. Oct. 15, 2025) (concluding that the district court "did not abuse its discretion in denying

- 6 -

[a post-judgment] motion to amend [the complaint] because the plaintiff "did not meet the requirements for reopening his case under Rule 59 or 60").

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 16, and Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 17, are **DENIED**.

*/s/ SUSAN K. DeCLERCQ*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 16, 2026